KELLY, Judge.
Barbara Keithly, guardian of the Estate of Donald Crosley, appeals the order of the probate court requiring her to obtain, at her own expense, copies of the backs of all canceled checks related to the guardianship from its inception. We affirm.
Beginning in 1994, Barbara Keithly served as guardian for Donald Crosley. In November 2001, the probate court entered an order appointing Carol Vance as Special Monitor pursuant to section 744.107, Florida Statutes (2001). The order required Keithly to make available to the Special Monitor a variety of financial records including all bank statements and the fronts and backs of all canceled checks. Keithly was unable to produce the fronts and the backs of the checks because she did not have them. According to Keithly, the bank did not return the canceled checks with the monthly account statements but, rather, provided a photocopy of the front side of the checks. Keithly advised the probate court that she could obtain copies of the backs of the checks from the bank at a cost of approximately $3,300. The probate court ordered her to obtain the copies at her own expense.
Section 744.3678(3), Florida Statutes (2000), provides that a “guardian must obtain a receipt or canceled check for all expenditures and disbursements made on behalf of the ward.” We agree with the probate court that a copy of the front side of a check is not the equivalent of a canceled check. As noted by the probate court, Keithly was a professional guardian who should have been well aware of the requirements imposed on her under the guardianship laws. Further, had Keithly *855 asked the bank to do so, it would have returned the actual canceled checks with the monthly account statements for a fee of $2 per month. Under these circumstances, the probate court did not abuse its discretion in ordering Keithly to obtain copies of the backs of the checks at her own expense.
Affirmed.
SALCINES and SILBERMAN, JJ„ Concur.